UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER KRAMER, | No. 2:18-cv-02132-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| COLLINS PINE COMPANY and DOES 1-25, | |
| Defendant. | |

Defendant Collins Pine Company has removed this matter from Sacramento County Superior Court based on diversity jurisdiction under 28 U.S.C § 1332. ECF No. 1 at 1. Section 1332(a) requires both diverse citizenship and an amount in controversy exceeding $75,000. When a defendant removes under 28 U.S.C. § 1446(a), a defendant must file "a short and plain statement of the grounds for removal . . . ." The Supreme Court has held that this plain statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

Here, Collins Pine Company "states the following facts as grounds for removal": that plaintiff Lester Kramer is a California citizen and that Collins Pine Company is an Oregon citizen. ECF No. 1 at 1. Collins Pine Company does not assert anywhere in its Notice of

Removal that the amount in controversy exceeds the $75,000 threshold. *Id.* Although the court may rely on the amount in controversy demanded in the initial complaint, 28 U.S.C. § 1446(c)(2), when as here state practice "does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," the court must make an initial finding based on an amount provided by defendant in the notice of removal. *Id*. § 1446(c)(2)(A)(ii)–(B). Because defendant has failed to assert the amount in controversy, there is no basis upon which the court can make such a finding. The court has reviewed the remaining documents in Collins Pine Company's Notice of Removal and cannot find any allegation as to the amount in controversy. *See* ECF No. 1 at 2 (Collins Pine Company's attorney declaration); *id.* at 5 (Exhibit A, state court complaint indicating "action is an unlimited civil case (exceeds $25,000)" but not specifying amount in controversy); *see also id.* at 7 (state court complaint alleging "hospital and medical expenses," "general damage" and requesting "compensatory damages" but not specifying any amount); *id.* at 15–18 (Exhibit B, defendant's answer to state court complaint that does not allege an amount in controversy).

Accordingly, Collins Pine Company is ORDERED TO SHOW CAUSE within fourteen (14) days as to why this action should not be remanded for failure to assert a proper basis for removal. Collins Pine Company may respond by filing a direct response or as part of a joint statement of the parties addressing the issue. Should Collins Pine Company respond on its own, plaintiff Lester Kramer may file an opposition, if any, fourteen (14) days thereafter. Collins Pine Company's reply, if any, is due seven (7) days thereafter.

IT IS SO ORDERED.

DATED: August 23, 2018.

UNITED STATES DISTRICT JUDGE